** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JUAN REYES, | § § | |
| *Plaintiff*, | § § | Civil Action No. 1:10-CV-82 |
| v. | § § | JUDGE RON CLARK |
| UNITED STATES DEPARTMENT OF JUSTICE *et al*, | § § § § | |
| *Defendants*. | § | |

## AMENDED ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Juan Reyes, currently an inmate confined at the Coleman Federal Correctional Institution in Coleman, Florida, proceeding *pro se*, filed this negligence tort claim pursuant to 28 U.S.C. § 1346(b) against the United States Department of Justice ("DOJ"), unnamed prison officials at the United States Penitentiary in Beaumont, Texas ("Beaumont USP"), Dr. E. Estefan Od with Beaumont USP, unnamed medical personnel at the University of Texas Medical Branch in Galveston, Texas ("UTMB"), and Dr. Au, Dr. J. Womble and Dr. P. Surapaneni, all with UTMB.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends this lawsuit should be dismissed for failure to exhaust his administrative remedies.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed

objections to the Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* Fed. R. Civ. P. 72(b).

After due consideration, the court is of the opinion that Plaintiff's objections are lacking in merit. Broadly construed, Plaintiff's objections raise two grounds for overruling the Report and Recommendation: (1) his purported blindness and the fact that he is a Spanish-speaking prisoner without an interpreter excused any failure to exhaust administrative remedies, and (2) his failure to exhaust administrative remedies is also excusable because the grievance process does not allow for monetary damages.

The Fifth Circuit has rejected Plaintiff's first argument. *See, e.g., Ferrington v. Louisiana Dep't of Corrections*, 315 F.3d 529, 532 (5th Cir. 2002) (where Plaintiff contended he should not be required to exhaust his administrative remedies because of his blindness, the court rejected the argument, noting in part that his "alleged blindness clearly did not prevent him from filing this §1983 action . . . ."); *Days v. Johnson*, 322 F.3d 863, 868 (5th Cir. 2003), *implicitly overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007) (where Plaintiff contended he could not exhaust administrative remedies due to a broken hand, the court held that administrative remedies can be deemed "unavailable" only where: "(1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance."). In this case, whatever vision problems Plaintiff has did not prevent him from filing a seven page petition, a six page reply to Dr. Au's motion to dismiss, and a three page objection to the magistrate judge's Report and Recommendation. All seem reasonably well-written, and do not indicate either vision or language problems.

In *Aceves v. Swanson*, 75 Fed. App'x 295 (5th Cir. 2003), the Fifth Circuit did reverse the district court's conclusion that Plaintiff had failed to exhaust his administrative remedies. There, Plaintiff alleged he was never given the proper forms to file a grievance despite requesting them, could not request the forms from outside sources because he was in segregation, and that there may have been a language barrier because Plaintiff was a Spanish speaker. However, Plaintiff in that case at least tried to exhaust his administrative remedies. As the magistrate judge correctly noted, Plaintiff concedes he has not even attempted to exhaust his administrative remedies in this case.

Plaintiff's second argument also fails. The Director of the Bureau of Prisons has the authority to settle federal tort claims involving the BOP "if the amount of a proposed adjustment, compromise, settlement or award does not exceed $50,000." 28 C.F.R. § 0.172; *see also Whitley v. Hunt*, 158 F.3d 882, 888 (5th Cir. 1998), *overruled in part on other grounds by Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819 (2001) (in affirming the district court's dismissal of Plaintiff's FTCA claim for failure to exhaust, the court noted that Section 0.172, among others, gives the Director of the BOP limited authority to settle prisoner claims brought under the FTCA and that, even though these remedies would not have completely resolved Plaintiff's claim for damages, he was nevertheless "required to pursue and failed to pursue available remedies that could have afforded him substantial monetary recovery.").

In short, failure to completely exhaust administrative remedies *prior* to filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion *after* suit is filed. *McNeil v. United States*, 508 U.S. 106, 112, 113 S. Ct. 1980, 1984 (1993). Waivers of sovereign immunity are to be strictly construed and the court's subject matter jurisdiction is conditioned on plaintiff's compliance with § 2675(a). *See Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995); *Gregory v.*

3

*Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1985). Equitable considerations are not warranted in this case, since the court has no jurisdiction to try this lawsuit prior to the exhaustion of his administrative remedies. *See Houston v. United States Postal Serv.*, 823 F.2d 896, 903 (5th Cir. 1987). Accordingly, as the magistrate judge recommended, plaintiff's lawsuit should be dismissed for failure to exhaust administrative remedies.[1]

**ORDER**

Accordingly, Plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **4** day of **March, 2011.**

_____
Ron Clark, United States District Judge

---

[1] Plaintiff's claims against the remaining Defendants were brought against them in their official capacities, as clarified in Plaintiff's reply to Defendant's motion to dismiss. An FTCA claim against Defendants sued in their official capacities is treated as a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105 (1985). Therefore, Plaintiff's claims against all Defendants in the official capacity is, in essence, a suit against only the United States. Furthermore, while not all Defendants have made an appearance in this case, the remaining Defendants are entitled to the benefit of Defendant Au's Motion to Dismiss. The Fifth Circuit has recognized that when one defending party establishes that the Plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated Defendants. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (quoting *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967) (citations omitted)); *McCarty v. Zapata Cty.*, 243 Fed. App'x. 792, 794 (5th Cir. 2007); *Salter v. United States*, 2010 WL 796588 (E.D. Tex. March 8, 2010). Because Plaintiff has no cause of action against Defendant Au based on his admitted failure to exhaust administrative remedies, he likewise has no claims against the other Defendants.