IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JUAN REYES | § | |
| VS. | § | CIVIL ACTION NO. 1:10CV82 |
| UNITED STATES DEPARTMENT OF JUSTICE, ET AL | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Juan Reyes, currently an inmate confined at the Coleman Federal Correctional

Institution in Coleman, Florida, proceeding *pro se*, filed this negligence tort claim pursuant to 28

U.S.C. § 1346(b) against the United States Department of Justice ("DOJ"), unnamed prison

officials at the United States Penitentiary in Beaumont, Texas ("Beaumont USP"), Dr. E. Estefan

Od with Beaumont USP, unnamed medical personnel at the University of Texas Medical Branch

in Galveston, Texas ("UTMB"), and Dr. Au, Dr. J. Womble and Dr. P. Surapaneni, all with

UTMB.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate

Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

The magistrate judge recommends Defendant Au's motion to dismiss be granted as plaintiff has

failed to exhaust his administrative remedies.

The court has received and considered the Report and Recommendation of United States

Magistrate Judge filed pursuant to such order, along with the record, and pleadings.  Plaintiff

filed objections to the Report and Recommendation.  This requires a *de novo* review of the

objections in relation to the pleadings and applicable law.  *See* Fed. R. Civ. P. 72(b).  After due

consideration, the court is of the opinion that plaintiff's objections are lacking in merit.  As the

magistrate judge correctly noted, plaintiff concedes he has not even attempted to exhaust his

administrative remedies.  Failure to completely exhaust administrative remedies *prior* to filing an

FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion *after* suit is filed. *McNeil v. United States*, 508 U.S. 106, 112, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993). Waivers of sovereign immunity are to be strictly construed and the court's subject matter jurisdiction is conditioned on plaintiff's compliance with § 2675(a). *See Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th cir. 1985); *see also Price v. Untied States*, 69 F.3d 46, 54 (5th Cir. 1995). Furthermore, equitable considerations are not warranted in this case, as plaintiff suggests, since the court has no jurisdiction to try this lawsuit prior to the exhaustion of his administrative remedies. *See Houston v. U.S. Postal Serv.*, 823 .F2d 896, 903 (5th Cir. 1987).

ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **8** day of **March, 2011.**

_____
Ron Clark, United States District Judge